# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD COASTLINE LP,<br><br>　　　　　　　Plaintiff,<br>　v.<br>LARRY PASTOR, PERLA M. PASTOR,<br>and DOES 1-20,<br><br>　　　　　　　Defendants. | Case No. 12cv2780 BTM(KSC)<br><br>**ORDER REMANDING CASE** |

　　　　On November 12, 2012, Defendant Perla M. Pastor removed this unlawful detainer action from the Superior Court of California, County of San Diego. Ms. Pastor contends that removal is proper because the Court has federal question jurisdiction over the matter.

　　　　However, upon review of the underlying Complaint, the unlawful detainer action was brought pursuant to state law and does not arise under federal law as required by 28 U.S.C. § 1331. Whether a claim "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar v. Williams, 482 U.S. 386, 392 (1987). Ms. Pastor contends that the Court has federal question jurisdiction because Plaintiff's notice to vacate the Property was defective under 12 U.S.C. section 5220. However, it is "settled law that a case may not be removed to federal court on the basis of a federal defense." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983).

　　　　Furthermore, the Court has no basis for concluding that diversity jurisdiction exists. 28 U.S.C. § 1332(a). While the Notice of Removal states that the action originally could have been filed in this Court pursuant to "§ 1441(a) and/or (b)" (ECF No. 1 at 2), Ms. Pastor

1  appears to rely solely on federal question jurisdiction, and there is nothing to support
2  diversity jurisdiction from the face of the complaint. See id. at 2-3; Compl. at 1. Therefore,
3  § 1441(b) is inapplicable. In addition, defendants may not remove an action to federal court
4  if they are citizens of the state in which the action is brought, 28 U.S.C. § 1441(b), and as
5  shown by the nature of the Complaint, Ms. Pastor is a citizen of California.
6      The removing defendant always has the burden of establishing that removal is proper,
7  and the court resolves all ambiguity in favor of remand to state court. Gaus v. Miles, Inc.,
8  980 F.2d 564, 566 (9th Cir. 1992). Therefore, the Court hereby REMANDS this action to
9  state court for further proceedings.

DATED: December 3, 2012

*(signature)*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court